**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **ZACHARY SANDERS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **3:26cv718 (VAB)** |
| | : | |
| **P. CRAMPTON (CO), et al.,** | : | |
| **Defendants.** | : | |

**ORDER ON EMERGENCY MOTION FOR RECONSIDERATION**

Zackary Sanders ("Plaintiff") is a federal prisoner housed at Danbury Federal Correctional Institution ("Danbury FCI"). Mr. Sanders commenced this action by filing an emergency motion for temporary restraining order ("TRO") and preliminary injunctive relief against Danbury FCI Warden Flowers; Acting Warden Puzio; Correction Officer P. Campton; Lieutenant Ditzion; Danbury FCI Staff John Does; and Danbury FCI/Bureau of Prisons ("BOP").[1] ECF No. 1.

He primarily maintains that he is subject to ongoing First Amendment retaliatory adverse action, including punitive sanctions harmful to his health, interference with his mail, and deprivation of his right to court access.[2] He asserts federal jurisdiction under 28 U.S.C. § 1331 and states that his motion should be construed "as a claim under any other viable statute, to include the [Administrative Procedure Act ("APA")]." *Id.* at 2.

On May 19, 2026, the Court ruled that Mr. Sanders could not satisfy the standards for entry of a TRO or preliminary injunction because he failed to state a cognizable claim under either *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) or

[1] Mr. Sanders's case caption lists Danbury FCI and BOP separately. As Danbury FCI is an entity within BOP, the Court considers BOP as the Defendant.

[2] Mr. Sanders's allegations raise concerns of First Amendment violation due to retaliation and mail interference, deprivation of his constitutional right to court access, and Eighth Amendment deliberate indifference to his health and wellbeing.

the APA. ECF No. 10. The Court advised Mr. Sanders that he may seek injunctive relief under 28 U.S.C. § 2241 for ongoing unconstitutional conditions of confinement under 28 U.S.C. § 2241, but not for a constitutional violation that occurred in the past. *Id.*

On June 1, 2026, Mr. Sanders filed a motion for reconsideration, arguing that the Court construed his motion too narrowly. ECF No. 13.

For the reasons discussed below, the motion for reconsideration is **GRANTED in part** and **DENIED in part**.

The motion is **GRANTED** as to dismissal of his action for failure to state a cognizable claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and **DENIED** as to dismissal of his claim under the APA.

The Defendants will be directed to file a response to show cause why the relief Mr. Sanders requests should not be granted.

## I. STANDARD OF REVIEW

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (citations omitted). The standard is strict "to ensure the finality of decisions and to prevent the practice of a losing party examining the decision and then plugging the gaps of a lost motion with additional matters." *Great Am. Ins. Co. v. Zelik*, 439 F. Supp. 3d 284, 286 (S.D.N.Y. 2020) (citation and internal quotation marks omitted); *see Fan v. United States*, 710 F. App'x 23, 24 (2d Cir. 2018) ("Reconsideration is not intended for the court to reexamine a decision or the party to reframe a failed motion.") (citing *Questrom v. Federated Dep't Stores, Inc.*, 192 F.R.D. 128, 130 (S.D.N.Y.

2000)); *Shrader*, 70 F.3d at 257 ("[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided.").

Thus, reconsideration is warranted only if the moving party "identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Great Am. Ins. Co.*, 439 F. Supp. 3d at 286 (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)) (internal quotation marks omitted). This District's Local Rules state that: "Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order" and require that the motion "be accompanied by a memorandum setting forth concisely the controlling decisions or data the movant believes the court overlooked." D. Conn. L. Civ. R. 7(c) 1.

## II. DISCUSSION

Mr. Sanders asserts several grounds for reconsideration.

He maintains that the Court (1) should have construed his motion as a request for habeas relief under section 2241 or permitted him leave to amend; (2) erred in dismissing his APA claim as not cognizable; and (3) failed to address his claim for relief under the federal court's equitable powers to enjoin a defendant from violating a constitutional provision. *See* ECF No. 13.

The Court will address each of these arguments in turn.

### A. The Section 2241 Claim

Mr. Sanders asserts the Court erred by dismissing his action without according the "special solicitude," due to *pro se* pleadings. *Triestman v. Federal Bureau of Prisons,* 470 F.3d 471, 475 (2d Cir. 2006). The Court agrees that Mr. Sanders's motion may be construed as a request for habeas relief under 28 U.S.C. § 2241.

Although habeas corpus relief usually is sought by filing a petition for writ of habeas corpus in a separate action, the Second Circuit has not precluded seeking habeas relief in a civil rights action. *See Thompson v. Choinski*, 525 F.3d 205, 210 (2d Cir. 2008) ("[W]e know of no [basis] for the view that a petitioner may not seek relief under both a habeas statute and § 1983 in a single pleading."); *Davis v. U.S.A.*, No. 1:24-CV-8014 (LTS), 2025 WL 3059741, at *2 (S.D.N.Y. Nov. 3, 2025) ("Courts have not recognized any prohibition concerning adjudication of a federal prisoner's claims for *habeas corpus* relief under Section 2241 in the same action as his claims for damages under *Bivens* and under the FTCA."). As the Court must interpret the complaint to raise the "strongest [claims] that [it] suggest[s,]" *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (citing *Triestman,* 470 F.3d at 475, 474), the Court construes Mr. Sanders to seek habeas relief in his action 28 U.S.C. § 2241.[3]

But a court may dismiss a § 2241 petition *sua sponte* on grounds of non-exhaustion of administrative or state remedies. *See Young v. McClendon*, No. 22-CV-00710 (KAD), 2022 WL 2952772, at *5 (D. Conn. July 26, 2022) (recognizing that civil rights damages action and habeas relief may be sought in a single federal action but dismissing request for federal habeas relief for failure to complete exhaustion of state remedies); *see also King v. Demarco*, No. 11-CV-2000(JS), 2011 WL 3471548, at *1 (E.D.N.Y. Aug. 3, 2011) (district court will dismiss § 2241 petition *sua sponte* "where the petitioner fails to demonstrate his exhaustion or the absence of available state remedies"). Section 2241 does not by its own terms require the exhaustion of administrative or

[3] Warden Flowers is the only proper respondent for a habeas petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004) ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement."); *Ozturk v. Hyde*, 136 F.4th 382, 390 (2d Cir. 2025) ("We begin with two traditional requirements for a federal court to entertain a habeas petition: that the petition be filed in the district of confinement and that it name the petitioner's immediate custodian").

state remedies as a prerequisite to the grant of federal habeas relief, but decisional law has imposed such a requirement in order to accommodate principles of federalism. *United States ex rel. Scranton v. State of N.Y.*, 532 F.2d 292, 294 (2d Cir. 1976). A petitioner who has not exhausted available state or administrative remedies may only seek a writ of habeas corpus pursuant to § 2241 if he can (1) establish "cause for his failure to exhaust and prejudice as a result of the alleged violation of federal law" or (2) demonstrate that "the failure to consider his claims will result in a fundamental miscarriage of justice." *Young*, 2022 WL 2952772, at *1 (citations omitted); *see McPherson v. Lamont*, 457 F. Supp. 3d 67, 78 (D. Conn. May 6, 2020) (excusing exhaustion requirement for class action lawsuit because state courts were operating at significantly diminished capacity and the putative class was extremely large).

The Court cannot discern from the present record whether Mr. Sanders exhausted his BOP administrative remedies prior to filing this action. Rule 8 of this District's Local Rules Civil Procedure requires writs of habeas corpus to be filed "on forms approved by the Court." In answering the questions on the court-approved form, a petitioner provides information that indicates whether he or she satisfies or should be excused from the exhaustion requirement. But in light of Mr. Sanders's claim that he is subject to ongoing retaliation—and subject to adverse action including harmful punitive sanctions and deprivation of court access—the Court excuses his noncompliance with Local Rule 8. *Wight v. BankAmerica Corp.*, 219 F.3d 79, 85 (2d Cir. 2000) ("District court[s] enjoy discretion to excuse [] non-compliance with the Local Rules [], in the interest of justice.").

Accordingly, the Court will permit Mr. Sanders to proceed on his request for relief under section 2241 for further development of the record, including whether he exhausted his BOP administrative remedies or should be excused from exhaustion. *See Pinson v. Fed. Bureau of*

*Prisons*, No. 24-CV-1312 (MKV), 2024 WL 4124714, at *3 (S.D.N.Y. Aug. 2, 2024)("Because Pinson challenges his conditions of confinement, including telephone and mail restrictions that were allegedly imposed in retaliation for the exercise of First Amendment rights, the Court deems this action a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 and directs the BOP to answer the petition.").

**B. The APA Claim**

Mr. Sanders contends that the Court erred by dismissing his APA claim as not cognizable. ECF No. 13 at 7-8.

The Court disagrees.

The APA waives sovereign immunity for claims asserting wrongful agency action and seeking relief other than money damages. *Sabir v. Williams*, No. 3:17-CV-749 (VAB), 2017 WL 6514694, at *2 (D. Conn. Dec. 19, 2017). Section 706 of the APA permits a court to reverse an agency action that is arbitrary, capricious, or an abuse of discretion. 5 U.S.C. § 706(2)(A).

Challenges to prison policies have been permitted to proceed under the APA. *See, e.g.*, *Sabir,* 2017 WL 6514694 at *2 (claim against federal officials for non-monetary relief seeking to rescind Program Statement and permit congregate prayer cognizable under APA); *Berkun v. Terrell*, No. 12-CV-706(JG), 2012 WL 3233897, at *3 (E.D.N.Y. Aug. 6, 2012) (plaintiff's complaint asserted claims that warden exercised discretion in manner that violated First Amendment by denying request to receive jigsaw puzzle and that regulations governing possession of personal property were arbitrary and capricious, cognizable under the APA).

A court may only review an agency action under the APA "for which there is no other adequate remedy in a court." 5 U.S.C. § 704. A court "may not even entertain the claim against the agency ... if the plaintiff[ ] ha[s] an adequate alternative legal remedy against someone else."

*N.Y.C. Emps.' Ret. Sys. v. S.E.C.*, 45 F.3d 7, 14 (2d Cir. 1995); *see Lucas v. Fed. Bureau of Prisons*, No. 17 CV 1184(VB), 2018 WL 3038496, at *2 (S.D.N.Y. June 18, 2018) (dismissing claim based on arbitrary and capricious revocation of plaintiff's email access under the APA that could be remedied through a petition for writ of habeas corpus challenging prison conditions under 28 U.S.C. § 2241). Thus, where the claim focuses on the application of a prison policy to the plaintiff-inmate, the claim is not cognizable under the APA. *Pinson v. Fed. Bureau of Prisons*, No. 3:23-CV-384 (OAW), 2023 WL 8358067, at *2 (D. Conn. Dec. 1, 2023); *Gray v. Licon-Vitale*, No. 3:19-CV-1291 (MPS), 2020 WL 1532307, at *3 (D. Conn. Mar. 31, 2020) ("[T]he plaintiff does not challenge the validity of a prison policy but the way a policy was applied to him."). This is because the inmate may obtain relief through a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. *Pinson*, 2023 WL 8358067, at *2; *Gray*, 2020 WL 1532307, at *3 (D. Conn. Mar. 31, 2020) (citing cases).

Here, Mr. Sanders asserts that staff are violating 28 C.F.R. § 540.14(c)(1) and BOP Program Statement 5265.14 by interfering with his mail and hindering his access to the courts. He is challenging the staff conduct in violation of the federal regulation and BOP rules, however, rather than the validity of the regulations and prison rules.

Accordingly, because he has the available recourse for relief through a habeas relief under section 2241, Mr. Sanders cannot pursue cognizable claims under the APA arising from the alleged violations of the prison mail federal regulation.

### C. Federal Court Equitable Power

Mr. Sanders complains that the Court dismissed the action without addressing whether there were "alternative remedies available"—as contemplated by the Supreme Court in *Ziglar v. Abbasi*—such as "an injunction requiring the warden to bring his prison into compliance with the

regulations discussed above; or some other form of equitable relief." 582 U.S. 120, 148 (2017). ECF No. 13 at 4-6.[4]

As Mr. Sanders points out, the Second Circuit remanded a dismissal where the district court failed to consider whether federal courts have "equitable powers" to enjoin Sixth Amendment violations even where a plaintiff does not otherwise have Sixth Amendment rights. *Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons*, 954 F.3d 118, 133 (2d Cir. 2020) (noting district court "overlooked a narrow but well-drawn line of precedent establishing that a plaintiff may invoke the court's equitable powers to enjoin a defendant from violating constitutional provisions that do not, themselves, grant any legal rights to private plaintiffs.") (citing *Armstrong v. Exceptional Child Center, Inc.,* 575 U.S. 320, 324, 327 (recognizing that a plaintiff has a cause of action "in equity" to enforce the Supremacy Clause, even though that clause "is not the source of any federal rights") and *Free Enter. Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477, 491 n.2 (2010) (recognizing that plaintiffs may pursue "Appointments Clause [and] separation-of-powers claim[s]" against a federal regulatory agency, even if they have no "implied private right of action directly under the Constitution.")).

In *Federal Defenders*, the Second Circuit observed that "the precise scope and contours of the court's equitable powers of this nature are ill-defined." *Fed. Defs. of N.Y., Inc.*, 954 F.3d at 133. Nonetheless, district courts have held that sovereign immunity does not bar **"**a suit for injunctive or declaratory relief against a federal officer for an *ultra vires* act." *New York v. Nat'l Sci. Found.*, No. 25-CV-4452 (JPC), 793 F. Supp. 3d 562, 600 (S.D.N.Y. Aug. 1, 2025) (discussing "nonstatutory review" suits that seek injunctive relief for violations of federal law by federal

[4] In his motion for reconsideration, Mr. Sanders also cites to 28 U.S.C. § 1361, which provides that "districts courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *Id.* at 6.

officials) (citation omitted).

Accordingly, Mr. Sanders may proceed against Defendants for injunctive relief to remedy violations of federal law, and the Defendants will be directed to respond to Mr. Sanders's request.

## III. CONCLUSION

For the foregoing reasons, the motion for reconsideration is **GRANTED** in part and **DENIED** in part.

The motion is **GRANTED** as to dismissal of his action for failure to state a cognizable claim under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971), and **DENIED** as to dismissal of his claim under the APA.

The Court construes Mr. Sanders action as (1) seeking habeas relief against Warden Flowers under 28 U.S.C. § 2241, and (2) seeking injunctive relief against Defendants under the federal court's equitable power to enjoin ongoing violation of federal law.

The Court respectfully requests that the Clerk of Court serve a copy of this Order, the initial motion, and all attachments to Respondent's representative, Assistant U.S. Attorney Michelle McConaghy, by e-mail on or before **November 6, 2026.** Any response to this order to show cause response why the relief should not be granted is due on or before **November 20, 2026**.

**SO ORDERED** at New Haven, Connecticut, this 16th day of October, 2026.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE